UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO. 3:17-cr-00164-JBA |
| vs. | : | |
| BHARAT PATEL | : | May 26, 2020 |

## MOTION FOR COMPASSIONATE RELEASE

Bharat Patel is just over a year from completing the 54-month sentence that this court imposed in connection with Mr. Patel's plea to conspiring to distribute controlled substances and committing healthcare fraud. He is scheduled to complete his sentence on June 8, 2021. However, in light of Mr. Patel's age and condition, the Bureau of Prisons has indicated he is eligible for early home confinement, but not until July of 2020.

Bharat is 73-years old and suffers from a collection of health conditions including chronic ischemic heart disease, hypertension, and Type 2 diabetes. The Covid-19 pandemic consequently threatens to turn even the short remaining time of Mr. Patel's prison term into a death sentence. Defendant therefore moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A) due to the "extraordinary and compelling reasons" confronting the federal prison system by the pandemic and the unique risk that Mr. Patel faces due to his health conditions

Defendant requests expedited consideration of this motion because each day in custody increases the risk of severe health complications or even death. Mr. Patel submitted a request for relief on or about April 16, 2020, to the BOP. He has since received a letter denying that request. He has therefore satisfied any exhaustion requirement and the issue of compassionate release is thus ripe for review by this Court.

Counsel for the government, Assistant United States Attorney Rahul Kale, has been consulted and indicates that the government defers to the Court with respect to this motion.

**Mr. Patel Suffers from Health Conditions that, along with His Age, Place Him at Greater Risk from Covid-19**

Medical records filed under seal as **Exhibit 1** show that Mr. Patel, who is 73 years old, suffers from the following conditions:

Chronic ischemic heart disease, I259 - Current

Essential (primary) hypertension, I10 - Current

Hyperlipidemia, unspecified, E785 - Current

Type 2 diabetes mellitus, E119 - Current

In connection with these conditions, Mr. Patel is prescribed medications including metformin, a diabetes medication, as well as hydrochlorothiazide and losartan potassium, blood pressure medications.

Mr. Patel's age, heart conditions, and diabetes all appear on the CDC's list of factors that place a person at heightened risk of experiencing severe Covid-19 symptoms.[1] Recent data from New York suggests that, as serious as heart disease and diabetes are, it is Mr. Patel's age that puts him most clearly in harm's way. A JAMA article, for example, found that only 64.2% of men between the ages of 70 and 79 survived hospitalization (a far worse outcome than the 21% mortality rate across all populations). The study also found that "the most common comorbidities were hypertension, obesity, and diabetes."[2] Mr. Patel, frighteningly, is batting .667 in these categories.

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fhcp%2Funderlying-conditions.html

[2] file:///C:/Users/maguire/Desktop/Downloads/jama_richardson_2020_oi_200043.pdf

2

Another pre-peer review article examining data from New York similarly found that adults aged 65-74 were over 10 times more likely to be hospitalized than adults under 45.[3]

### Mr. Patel's Confinement in BOP Custody Exacerbates His Risks from COVID-19

Mr. Patel vulnerability to COVID-19 created by this medical condition is heightened by the particular circumstances at FMC Devens, which, despite the BOP's efforts presents an ideal environment for COVID-19. While incarcerated, neither Mr. Patel nor the inmates surrounding him can practice regular hand hygiene, and he cannot effectively socially distance himself from other inmates as the CDC cautions every person in the United States to do to stop COVID-19's spread. Unsurprisingly, there is an ongoing Covid-19 outbreak at FMC Devens, with 24 inmates and two staff members currently confirmed positive.[4] One inmate has already died. Mr. Patel is incarcerated in minimum security camp at Devens. Defendant understands that there are not currently any known positive cases inside the camp.

Summarizing the medical context and consequences of COVID-19 for prison inmates, a prominent group of Yale School of Medicine "medical professionals and experts in infectious disease and/or prison populations" recently wrote to Connecticut Supreme Court Associate Justice Andrew J. McDonald that "[t]he risk posed by infectious diseases in jails and prisons is significantly higher than in the community, both in terms of risk of transmission, exposure, and harm to individuals who become infected." **Exhibit 2** (Mar. 27, 2020 Ltr. to Justice McDonald) at 1. This is because detainees

---

[3] https://www.medrxiv.org/content/10.1101/2020.04.08.20057794v1.full.pdf

[4] https://www.bop.gov/coronavirus/

3

"have much less of an opportunity to protect themselves by social distancing than they would in the community." The letter summarizes many of the other reasons that jails and prisons are ideal settings for the rapid transmission of infectious diseases, as well as their relatively limited ability to adequately treat the virus: "few state or federal prison systems have adequate (or any) pandemic preparedness plans in place." Id. at 5. This means that "individuals placed in . . . prisons are at a significantly higher risk of infection with COVID-19 as compared to the population in the community and that they are at a significantly higher risk of harm if they do become infected." Id. at 6. The urgency is clear, and the authors implored that "[t]he time to act is now." Id. at 5. "Once a case of COVID-19 [is] identified in a facility, it will likely be too late to prevent a widespread outbreak." The authors therefore urged a reduction in the size of the prison population. Id. at 6–7 ("[I]t is our strong opinion that individuals who can safely and appropriately remain in the community not be placed in . . . prisons at this time.").

### There Are Extraordinary and Compelling Reasons to Grant Compassionate Release

The extraordinary and compelling circumstances of this case call out for court-ordered compassionate release under 18 U.S.C. § 3582(c)(1)(A). Reasons beyond medical illness, age, and family circumstances can qualify as "extraordinary and compelling reasons" for resentencing. *See* U.S.S.G. § 1B1.13 n.1(A) (including a category for "Other Reasons," when there is "an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)."). And with the changes made to the compassionate release statute by the First Step Act, courts need not await a motion from the Director of BOP to resentence prisoners under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons."

4

   1. *Mr. Patel's Health Risk Is Extraordinary and Compelling*

Even before the onslaught of Covid-19, there has been judicial recognition that a range of medical conditions can supply the requisite grounds for relief.[5] Courts have also stressed the BOP's failure to provide adequate medical care in concluding that extraordinary and compelling circumstances warrant relief. *See, e.g.*, *United States v. Beck*, __ F. Supp. 3d __ 2019 WL 2716505, *13 (M.D.N.C. June 28, 2019) (concluding that "[i]nvasive cancer and the abysmal health care provided by BoP qualify as extraordinary and compelling reasons warranting a reduction in her sentence to time served").

---

[5] *See, e.g.*, *United States v. Coker*, No. 3:14-CR-085, 2020 WL 1877800, *4 (E.D. Tenn. Apr. 15, 2020) (granting compassionate release based on "defendant's combination of medical conditions, particularly her COPD and extensive need for oxygen therapy," which would constitute an extraordinary and compelling reason for a sentence reduction "[w]ith or without consideration of the dangers of the current pandemic"); *United States v. Romero*, No. EP-13-CR-01649-4-FM, 2020 WL 364275, *1, *3 (W.D. Tex. Jan. 21, 2020) (in denying government's motion to reconsider court's finding that defendant "suffers a serious condition that qualifies as an 'extraordinary and compelling reason' to warrant compassionate release," noting that defendant suffers from "polio, ulcers and hip issues, and a mass in her left shoulder"); *United States v. Ebbers*, __ F. Supp. 3d __, 2020 WL 91399, *8 (S.D.N.Y. Jan. 8, 2020) (concluding that a rapid medical decline, coupled with prisoner's age, present extraordinary and compelling reasons for release); *United States v. Schmitt*, No. CR12-4076-LTS, 2020 WL 96904, *4 (N.D. Iowa. Jan. 8, 2020) (granting relief to a prisoner "suffering from a terminal illness, stage four metastatic breast cancer that is spreading to other parts of her body"); *United States v. Larry*, No. 1:16-CR-0069 LJO, 2019 WL 4834850, *1 (E.D. Cal. Oct. 1, 2019) (finding "extraordinary and compelling reasons" warranting relief under the First Step Act because the petitioner is "suffering from serious chronic medical conditions" which have "diminish[ed] his ability to provide self-care within the environment of a correctional facility"); *United States v. Bradshaw*, No. 2:05-CR-17-01, 2019 WL 7605447, *1, *3 (M.D.N.C. Sept. 12, 2019) (finding the petitioner's diagnosis of "stage IV metastatic prostate cancer that ha[s] spread to his bones" qualifies as "extraordinary and compelling reasons" warranting relief pursuant to the First Step Act, noting that petitioner "has served approximately 37 months of his 72-month sentence" and "[t]here is nothing in the record to indicate that he has had any disciplinary violations or infractions while in BoP's custody"); *United States v. York*, Nos. 3:11-CR-76 3:12-CR-145, 2019 WL 3241166, *6 (E.D. Tenn. July 18, 2019) (finding prisoner's "combination of medical conditions, but particularly his heart condition, to be extraordinary or compelling reasons justifying a sentence reduction").

Covid-19 has recently and rapidly created an unprecedented risk of morbidity and mortality that threatens incarcerated individuals more than most—and poses even greater dangers for inmates like Mr. Patel whose age and health conditions can severely exacerbate the infection's consequences. When Congress passed the First Step Act and when Courts began applying its expanded compassionate release authority, they did so not in the face of an extraordinary pandemic like Covid-19, but rather with the recognition that many inmates face real and significant health problems that are exacerbated by the conditions of their confinement even under ordinary circumstances. Now Covid-19 has made the extraordinary commonplace, with approximately 2,000 inmates (confirmed) sickened in a matter of weeks. To be high-risk for complications while trapped in a prison (what one Judge likened to "tinderboxes for infectious disease," United States v. Jeremy Rodriguez, Docket No. 2:03-cr-271 (Brody, J.) 2020 WL 1627331, at *1 (E.D.Pa., April 1, 2020), at 2), creates a clear risk of severe consequences for Mr. Patel if he remains incarcerated.

In response to Covid-19, and in keeping with medical experts' recognition of the extraordinary risks created by prison conditions, numerous courts, including within this district, have recognized that the materially increased risks from Covid-19 can be appropriate grounds for compassionate release. *See*, *e.g. See, e.g.*, *United States v. Gileno*, No. 3:19-CR-161-VAB, 2020 WL 1916773, *5 (D. Conn. Apr. 20, 2020) (Bolden, J.) (Bolden, J.) (granting compassionate release based on "extraordinary and compelling reasons" where defendant "suffers from asthma and respiratory conditions that place him at greater risk from COVID-19"); Order, *United States v. Coston*, No. 3:-16-CR-127-SRU, ECF No. 98 (D. Conn. Apr. 16, 2020) (Underhill, C.J.) (granting compassionate release based on "extraordinary and compelling reasons relating to the COVID-19 pandemic and [defendant's] underlying health condition (severe asthma)); *United States*

6

*v. Norris*, No. 3:18-CR-243-SRU, ECF No. 37 (D. Conn. Apr. 16, 2020) (Underhill, C.J.) ("[Defendant] suffers from asthma and uses an Albuterol inhaler to treat his symptoms. . . . [H]is medical condition and current conditions of confinement constitute extraordinary and compelling reasons to reduce his sentence."); *United States v. Smith*, No. 12 Cr. 133 (JFK), 2020 WL 1849748, *4 (S.D.N.Y. Apr. 13, 2020) (Keenan, J.) (defendant's asthma "place[] him at a higher risk for developing serious complications should be exposed to COVID-19 while at the MDC or a halfway house, and would substantially diminish his ability to provide self-care within those environments"); *United States v. Wen*, 2020 WL 1845105, *7 (W.D.N.Y. Apr. 13, 2020) (granting compassionate release where [d]efendant suffers from asthma, placing him at an increased risk of falling seriously ill from COVID-19"); *United States v. Tran*, CR 08-197-DOC, 2020 WL 1820520, *1 (C.D. Cal. Apr. 10, 2020) ("Individuals with asthma are at particular risk for severe Covid-19 illness.").

2. *Mr. Patel Is Already Scheduled for Early Release, and His Family Circumstances Provide Safe and Stable Alternative Conditions to Confinement.*

Although Mr. Patel has been denied compassionate release, the Bureau of Prisons has determined that in light of his age he is an appropriate candidate for early home confinement as contemplated in the CARES Act—but not until July of 2020. In connection with this anticipated release, Mr. Patel has prepared a reentry plan. Specifically, upon release Mr. Patel will be able to reside with his adult daughter. Mr. Patel and his wife also own a home. The house has been rented during Mr. Patel's incarceration but will be available as a long-term residence in the summer.

United States Probation Officer Cinque Hall has assisted with reentry planning and has confirmed the suitability of Mr. Patel's daughter's address as a location for him to live.

7

**The Court Can and Should Order Release without Delay**

Section 3582(c)(1)(A) ordinarily requires defendants to wait 30 days after requesting relief from the Bureau of Prisons or to exhaust the available administrative request process before seeking compassionate relief from the Court. As corroborated by the records submitted as **Exhibit 1**, Mr. Patel filed a request for early release, which the warden denied. Mr. Patel has indicated that he filed his request on approximately April 16 or April 17, well over 30 days ago. The present request for relief from the Court is therefore timely.

## CONCLUSION

For the reasons above, the Court should order Mr. Patel to be released from custody immediately and released to supervised release under conditions that may include a period of home confinement. In the alternative, Defendant requests a prompt telephonic or videographic hearing to address this motion.

Respectfully submitted,

THE DEFENDANT,
Bharat Patel
OFFICE OF THE FEDERAL DEFENDER

Dated: May 26, 2020

/s/ James P. Maguire
James P. Maguire
Assistant Federal Defender
265 Church Street, Suite 702
New Haven, CT 06510
Phone: (203) 498-4200
Bar No.: ct29355
Email: James_Maguire@fd.org

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on May 26, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                    /s/ James Maguire
                                    James Maguire