UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BHARAT PATEL | Criminal No. 3:17cr164 (JBA)<br><br>June 15, 2020 |

**RULING GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

Defendant Bharat Patel seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) on the grounds that he is at high risk of severe illness from the novel coronavirus because he is seventy-three years old and suffers from a number of health conditions including chronic ischemic heart disease, hypertension, and Type 2 diabetes. (Mot. for Compassionate Release [Doc. # 134] at 1.) The Government "respectfully defers to the Court on Mr. Patel's motion." (Gov't Resp. [Doc. # 140].) For the reasons that follow, Defendant's motion is granted.

**I. Background**

On June 25, 2018, Defendant pleaded guilty to Counts One and Two of a three-count indictment, which charged him with Conspiracy to Distribute and to Possess with Intent to Distribute Narcotics, in violation of 21 U.S.C. §§ 841(a)(1), 84l(b)(1)(C), and 846, and with Health Care Fraud, in violation of 18 U.S.C. § 1347. (*See* Plea Agreement [Doc. # 65] at 1.) On October 12, 2018, this Court sentenced Defendant to 54 months of imprisonment, to be followed by a supervised release term of 36 months. (*See* Judgment [Doc. # 98] at 1.)

Defendant, who is seventy-three years old, currently suffers from chronic ischemic heart disease, essential hypertension, hyperlipidemia, and Type 2 diabetes, according to his Bureau of

Case 3:17-cr-00164-JBA   Document 142   Filed 06/15/20   Page 2 of 7

Prisons ("BOP") records. (*See* Ex. 1 (Def.'s BOP Records) to Def.'s Mot. for Compassionate Release [Doc. # 139] at 4.)

The Court assumes the parties' familiarity with the ongoing COVID-19 pandemic and its spread from person-to-person, especially between those who are in close contact with one another. HOW COVID-19 SPREADS, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/how-covid-spreads.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fprepare%2Ftransmission.html (last accessed June 12, 2020). The Centers for Disease Control and Prevention ("CDC") advise that persons who are "65 years and older" and "people of all ages with underlying medical conditions, particularly if not well controlled, including: . . . chronic lung disease or moderate to severe asthma[;] . . . serious heart conditions[;] . . . conditions that can cause a person to be immunocompromised . . . [such as] cancer treatment, smoking, bone marrow or organ transplantation, immune deficiencies, poorly controlled HIV or AIDS; . . . severe obesity (body mass index [BMI] of 40 or higher)[;] . . . diabetes[;] . . . chronic kidney disease undergoing dialysis[;] . . . [and] liver disease" are "at higher risk for severe illness from COVID-19." PEOPLE WHO ARE AT HEIGHTENED RISK OF SEVERE ILLNESS, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last accessed June 12, 2020).

Defendant is currently incarcerated at the minimum security satellite camp at FMC Devens. As of June 12, 2020, FMC Devens had forty-one active COVID-19 cases, with forty-one inmates and five staff members testing positive for the virus. COVID-19, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last accessed June 12, 2020). However, the Government represents that, as of June 2, 2020, there were "no cases of COVID-19" at the satellite

2

camp, and that there is no contact between the coronavirus-positive inmates at Devens' medical facility and those inmates who housed at the satellite camp, such as Defendant. (Gov't Resp. at 7.)

On or about April 16, 2020, Defendant submitted a request for a reduction in sentence, which the Warden denied on or prior to May 4, 2020. (*See* Def.'s BOP Records at 1.) Separately, or around May 2020, the BOP determined that Defendant was an appropriate candidate for home confinement and assigned him a transfer date of July 15, 2020, at which point he will have served two-thirds of his term of imprisonment. (*See* Gov't Resp. at 1.)[1]

On May 26, 2020, Defendant filed this Motion for Compassionate Release.

## II. Discussion

Defendant moves for release under 18 U.S.C. § 3582(c)(1)(A), which provides,

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

[1] On March 19, 2020, in response to the COVID-19 pandemic, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136 (2020), which contemplated an expansion to the BOP's authority to place prisoners on home confinement.

Although incarcerated persons previously could only seek compassionate release upon motion of the BOP, the First Step Act of 2018 amended that provision to permit prisoners to seek relief directly from the courts upon satisfaction of certain exhaustion requirements.[2]

Section 1B1.13 of the Sentencing Guidelines further explains that a sentence reduction under § 3582(c)(1)(A) may be ordered where a court determines, "after considering the factors set forth in 18 U.S.C. § 3553(a)," that

> (1)(A) Extraordinary and compelling reasons warrant the reduction; . . .
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

Application Note 1 to that Guidelines provision enumerates certain circumstances constituting "extraordinary and compelling reasons" that justify a sentence reduction, including certain medical conditions, advanced age, certain family circumstances, or some "other" reason "[a]s determined by the Director of the Bureau of Prisons." The Note specifies that "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" constitutes "extraordinary and compelling reasons" which justify compassionate release.

Defendant argues that extraordinary and compelling reasons exist which justify his requested sentence reduction. Specifically, he argues that he faces "unique risk . . . due to his health conditions" of suffering serious consequences from COVID-19, based on the fact that his "age, heart conditions, and diabetes all appear on the CDC's list of factors that place a person at

---

[2] Defendant has satisfied the requirement that he wait 30 days after requesting relief from the BOP, as his he submitted a request for a reduction in sentence on April 16, 2020, which was denied on or prior to May 4, 2020. (*See* Def.'s BOP Records at 1.).

heightened risk of experiencing severe Covid-19 symptoms." (Def.'s Mot for Compassionate Release at 1-2.) Defendant also asserts that his "vulnerability to COVID-19 created by this medical condition is heightened by the particular circumstances at FMC Devens, which, despite the BOP's efforts[,] presents an ideal environment for COVID-19," as he cannot, while incarcerated, "practice regular hand hygiene" or "effectively socially distance himself from other inmates." (*Id.* at 3.) In support of this contention, Defendant provides an expert letter from a group of Yale School of Medicine "experts in infectious disease and/or prison populations" explaining that the "risk posed by infectious diseases in jails and prisons is significantly higher than in the community, both in terms of risk of transmission, exposure, and harm to individuals who become infected." (*Id.* at 3 (quoting Ex. 2 (Yale School of Medicine Expert Letter) to Def.'s Mot. for Compassionate Release [Doc. # 137-1] at 1).)[3] Defendant also notes that the BOP has already "determined that in light of his age he is an appropriate candidate for early home confinement" and that he "has prepared a reentry plan" approved by his United States Probation Officers where he "will be able to reside with his adult daughter." (*Id.* at 7.)

The Government does not oppose Defendant's motion and defers to the Court as to whether Defendant is entitled to compassionate release. (Gov't Resp. at 8.) As noted above, the Government "observes that the Camp at which Mr. Patel is housed is COVID-19 free, and Mr. Patel is possibly at less risk at the Camp then he is in the general public." (*Id.*) The Government opines that "[a]llowing the BOP to follow through with its decision to move Mr. Patel to home

---

[3] The signatories of the expert letter include Dr. Jaimie P. Meyer, MD, MS; Dr. Reena Kapoor, MD; Dr. Frederick L. Altice, MD; Dr. Sandra A. Spring, MD; Dr. Howard Zonana, MD; and Dr. Benjamin Howell.

5

confinement on July 15, 2020 will allow Mr. Patel to serve the sentence this Court imposed on him due to the Section 3553(a) factors." (*Id.*)

The Court concludes that Defendant has demonstrated extraordinary and compelling reasons justifying his immediate release. Defendant's age group, heart disease, diabetes, and hypertension place him at high risk for developing a severe case of COVID-19 and support a grant of compassionate release at this time. *See United States v. Rountree*, No. 1:12-CR-0308 (LEK), 2020 WL 2610923, at \*7 (N.D.N.Y. May 18, 2020) (granting compassionate release where defendant with diabetes and hypertension was in a COVID-19 risk group); *see also United States v. Rivernider*, No. 10-CR-222, 2020 WL 2393959, at \*1 (D. Conn. May 12, 2020) (compassionate release justified where defendant was "54 years of age with diabetes, heart disease and hypertension" and thus in a high risk group for COVID-19); *United States v. Lewis*, No. 16-CR-302, 2020 WL 2081374, at \*1 (S.D.N.Y. Apr. 30, 2020) (compassionate release appropriate where "[i]t [was] beyond dispute that [defendant was] at high risk from COVID-19, as . . . [his] diabetes is one of the most significant comorbidity factors and that is no doubt heightened by [his] high blood pressure."); *United States v. Lucas*, No. 15-CR-143, 2020 WL 2059735, at \*3 (W.D.N.Y. Apr. 29, 2020) (compassionate release warranted where defendant suffered from diabetes thus in COVID-19 high risk group); *United States v. Colvin*, No. 3:19CR179 (JBA), 2020 WL 1613943, at \*4 (D. Conn. Apr. 2, 2020) (granting compassionate release where defendant's diabetes and hypertension constituted extraordinary and compelling reasons justifying compassionate release during COVID-19 pandemic). Given his multiple risk factors, Defendant has shown that his release is warranted under 18 U.S.C. § 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13.

The Court also concludes that Defendant "is not a danger to the safety of any other person or to the community." 18 U.S.C. § 3582(c)(1)(A)(ii). Defendant was convicted of non-violent

6

offenses, and the BOP has already identified him as an appropriate candidate for home confinement. Additionally, Defendant "is not a danger to the community during this pandemic because he has a home to return to—where he can self-quarantine—and an adequate reentry plan," as approved by his United States Probation Officer. *Rodriguez*, 2020 WL 1627331, at *11.

Finally, Defendant's compassionate release is consistent with the 28 U.S.C. § 3553(a)(1) sentencing factors. Defendant has completed nearly two-thirds of his sentence, and the Court has not been made aware of any disciplinary violations or infractions committed by Defendant while in BOP custody. He is a month away from home confinement, minimizing any sentencing disparities between him and similarly situated defendants.

In sum, Defendant has shown both that extraordinary and compelling circumstances justify his release and that the factors set forth in 18 U.S.C. § 3553(a) weigh in its favor.

### III. Conclusion

For the foregoing reasons, Defendant's Motion for Compassionate Release [Doc. # 134] is GRANTED. Defendant is ordered to spend the first ten months of his 36-month supervised release term on home confinement. Defendant shall be immediately released to home confinement in the home of his daughter, where he shall self-quarantine for fourteen days.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 15th day of June 2020.